IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CODY JAMES HARRIS                                                                                   PLAINTIFF

v.                                            Civil No. 2:17-cv-02065

LAURI WALLS, *et al*.                                                                           DEFENDANTS

## **ORDER**

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's failure to comply with two Court Orders.

## I. BACKGROUND

On April 25, 2017, Plaintiff, Cody Harris, filed his Complaint against the Defendants, Kristy LNU, Dr. Nelson, Danielle Newman, and Lauri Walls. (ECF No. 1). He alleges inadequate medical care by all four members of the medical staff during his confinement at the Crawford County Detention Center (CCDC). (ECF No. 1 at 4).

On January 18, 2018, Defendants filed a Motion for Summary Judgment. (ECF No. 21).

On January 25, 2018, Plaintiff filed a Motion for Extension of Time requesting an additional 90 days to Respond to the Defendants' Motion. (ECF No. 22). On February 5, 2018, the Court issued a text only order directing Plaintiff to file his Response by February 26, 2018. (ECF No. 23). Plaintiff was advised that failure to timely and properly comply with this Order would result in: "(a) all of the facts set forth by the Defendant in the summary judgment papers being deemed admitted by Plaintiff, pursuant to Local Rule 56.1(c); and/or (b) shall subject this case to dismissal, without prejudice, pursuant to Local Rule 5.5(c)(2)." (*Id.*)

The Court then granted Plaintiff's Motion for Extension of Time, in part, by granting the Plaintiff an additional 60 days to respond to the Defendants' Motion for Summary Judgment,

1

setting a new deadline of April 27, 2018. (ECF No. 24). As Plaintiff's address of record indicated he was no longer incarcerated, Plaintiff was additionally directed to resubmit an IFP application which reflected his free-world financial status, or pay the remaining balance of the filing fee. (*Id*.). Plaintiff was advised that his case would be subject to dismissal if he failed to either pay the filing fee or submit his updated IFP application. (ECF No. 24 at 2).

To date, Plaintiff has not filed any response to the Defendants' Motion for Summary Judgment; he has not paid the balance of the filing fee or submit an updated IFP application; and, he has not communicated with the Court since January 25, 2018.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

2

### III.  ANALYSIS

Plaintiff has failed to comply with two Court Orders. Plaintiff has failed to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 11th day of June 2018.

/s/P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE